IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                        No.  04-40007-01-SAC

BOBBY FRANKLIN, JR.,

           Defendant.

## MEMORANDUM AND ORDER

The case comes before the court on a motion filed by the defendant Bobby Franklin, Jr. to reduce his sentence under the authority of 18 U.S.C. § 3582(c)(2) and pursuant to Amendment 706 to the United States Sentencing Guidelines.  (Dk. 68).  Amendment 706 generally adjusts downward by two levels the base offense level assigned to quantities of cocaine base listed in the Drug Quantity Table of § 2D1.1(c).  *See* U.S.S.G. App'x C Supplement Amendment 706 (Nov. 1, 2007).  This amendment took effect on November 1, 2007, and was made retroactive as of March 3, 2008.  *See* U.S.S.G. App'x C Supplement, Amendment 713 (Mar. 3, 2008).

**PROCEDURAL AND FACTUAL HISTORY**

The defendant pleaded guilty on January 11, 2005, to one

count of possession with intent to distribute cocaine base. The presentence report ("PSR") calculated the defendant's guideline range under the drug offense guideline of U.S.S.G. § 2D1.1 and under the career offender guideline U.S.S.G. § 4B1.1. (Dk. 59, p. 2). The PSR arrived at a base offense level of 32 (using either the agreed amount of cocaine base and U.S.S.G. § 2D1.1(c)(4) or the career offender provision in U.S.S.G. § 4B1.1(b)(C)) less a three-level reduction for acceptance of responsibility. With a criminal history category of six, the PSR correctly calculated a guideline sentencing range of 151 to 188 months under either the drug offense guideline of U.S.S.G. § 2D1.1 or the career offender guideline of U.S.S.G. § 4B1.1.

  Prior to the sentencing hearing, the defendant lodged objections to the PSR some of which were not resolved but submitted to the court for ruling. The defendant also filed a sentencing memorandum advocating his pending objections to the PSR. (Dk. 58). The defendant's first objection challenged the PSR's use of the 100:1 quantity ratio between powder cocaine and cocaine base embodied in the sentencing guidelines at U.S.S.G. § 2D1.1. (Dk. 58) The defendant argued this differential treatment of related controlled substances contributed to racially disparate

sentences that could not be justified by the harm associated with cocaine base offenses. Calling on the sentencing court to exercise its newly given discretion under *United States v. Booker*, 543 U.S. 220 (2005), the defendant asked the court to sentence him under the lower guidelines for powder cocaine. *Id.* at pp. 2-3.

The defendant's aimed his second objection at the policy rationale and justification behind the career offender guideline at U.S.S.G. § 4B1.1. The defendant highlighted the Sentencing Commission's findings that the inclusion of controlled substance offenses as qualifying convictions has a disparate impact on racial minorities. The defendant argued the career offender guideline overstates the likelihood of recidivism of African-Americans with controlled substance convictions.

In its written order, the court held that a ruling on the defendant's first objection to the cocaine base disparity in U.S.S.G. § 2D1.1 was unnecessary pursuant to Fed. R. Crim. P. 32(i)(3)(B), because it would not affect the defendant's sentencing. (Dk. 59). "Regardless of the court's consideration and ruling upon the defendant's argument against the unjustifiably harsh sentences for cocaine base and relevant conduct findings, the defendant's base offense would remain 32 by reason of his

career offender status." (Dk. 59, pp. 3-4).  In effect, the court assumed the defendant would receive a lower base offense level under the controlled substance guideline and then held that the greater offense level would be determined under the now applicable career offender guideline.  *See* U.S.S.G. § 4B1.1(b).   As for the defendant's objection to the career offender guideline, the court specifically overruled that objection:

> As evidenced by the nature, number and frequency of the defendant's criminal activity, he poses a clear danger to society and deserves the lengthier terms of incarceration provided in the career offender provisions.  The application of U.S.S.G. § 4B1.1 to the defendant is consistent with the letter and spirit of that guideline provision.  The defendant's objection is overruled.

(Dk. 59, p. 5).  Thus, the sentencing court applied the career offender guideline calculation found in the PSR and overruled the defendant's objection to it.  The court accordingly sentenced the defendant to 151 months' imprisonment which is the bottom of the guideline range as determined from the career offender guideline.

## ARGUMENTS AND ANALYSIS

The district court's authority to decide motions like the defendant's filing is found at 18 U.S.C. § 3582(c)(2), which provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

4

Sentencing Commission . . . the court may reduce the term of imprisonment . . . <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>." 18 U.S.C. § 3582(c)(2) (underlining added). In recently discussing and applying this statute, the Tenth Circuit emphasized this underlined condition and pointed to the following as among the applicable Commission policy statements:

> The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the reduction "does not have the effect of lowering the defendant's applicable guideline range." Guideline section 1B1.10(b)(1) also states that when determining whether a reduction is appropriate, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced.

*United States v. Sharkey*, ---F.3d---, 2008 WL 4482893 at *2 (10th Cir. Oct. 7, 2008). The Tenth Circuit in *Sharkey* agreed with the district court that the defendant was sentenced under the career offender guideline which was not changed by Amendment 706. The appellate panel concluded:

> As a result, "a reduction" in Sharkey's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706 "does not have the effect of lowering [his] applicable guideline range." <u>See</u> U.S.S.G. § 1B1.10(a)(2)(B), Amendment 712 (March 3, 2008 Supp.). Because Amendment 706 has no effect on the Guideline Sharkey was

> sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied.

*Id.* at *2.

Because the PSR calculated a base offense level of 32 under both the controlled substance guideline and the career offender guideline, the defendant Franklin insists his sentence was based on the controlled substance guideline. The defendant premises his conclusion on this provision from the career offender guideline: "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b). Applying this provision to the PSR, the defendant concludes that the court based his sentence on the controlled substance guideline, because the offense level determined by the career offender guideline was the same and not "greater than the offense level otherwise applicable."

The defendant's § 3582(c) motion makes no mention of the court's filed order that addressed the defendant's objections to the PSR and that decided which guideline would be applied in the defendant's sentencing. (Dk. 59). The court expressly decided that a ruling on the defendant's objection to the controlled substance guideline was

unnecessary, because that guideline would not be applied in sentencing the defendant. (Dk. 59, pp. 3-4). The court implicitly assumed a favorable ruling to the objection against the controlled substance guideline and then effectively chose to apply the career offender guideline. The court settled on the career offender guideline only after directly considering and overruling the defendant's objection to it. "The application of U.S.S.G. § 4B1.1 to the defendant is consistent with the letter and spirit of that guideline provision." "The defendant's objection is overruled." (Dk. 59, p. 5). Thus, the defendant's § 3582(c) motion is wrong in arguing that the court sentenced him based on a sentencing range applying U.S.S.G. § 2D1.1, for the court expressly chose to base the defendant's sentence on a sentencing range applying U.S.S.G. § 4B1.1.

If Amendment 706 had been effective at the time of the defendant's sentencing, his offense level pursuant to the controlled substance guideline, U.S.S.G. § 2D1.1, would have been 30 instead of 32 as had been determined in the PSR. This same Amendment, however, would not have changed the defendant's career offender base offense level of 32 as had been determined in the PSR. The Amendment would not have changed the sentencing range applied by the court, because that

sentencing range had been based on the career offender guideline.  The reduction of a defendant's term of imprisonment "is not consistent with" U.S.S.G. § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the listed "amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  Because the lower offense levels to 2D1.1 secured by Amendment 706 do not lower the career offender guideline range applied at the defendant's sentencing, a reduction to Franklin's term of imprisonment "is not consistent with" U.S.S.G. § 1B1.10 and "is not authorized under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 2008 WL 4482893 at *2.  This determination means "the district court [is] without jurisdiction to consider the motion, and the case should . . . [be] dismissed for lack of jurisdiction."  *United States v. Harper*, 2008 WL 2514170, at *2 (10th Cir. Jun. 25, 2008).

      IT IS THEREFORE ORDERED that the defendant's motion to reduce his sentence under the authority of 18 U.S.C. § 3582(c)(2) (Dk. 68) is dismissed.

      Dated this 6th day of November, 2008, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge